# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| TAMMY L. SALISBURY, | ) |
| | ) |
|           PLAINTIFF | ) |
| | ) |
| v. | ) |
| | )   CIVIL NO. 1:16-CV-531-DBH |
| NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| | ) |
|           DEFENDANT | ) |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On July 7, 2017, the United States Magistrate Judge filed with the court, with copies to counsel, his Report and Recommended Decision. The plaintiff filed an objection to the Recommended Decision on August 11, 2017. I heard oral argument on September 26, 2017. I reviewed and considered the Recommended Decision, together with the entire record. I have made a de novo determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, as amplified below. No further proceeding is necessary.

I am satisfied that the Administrative Law Judge (ALJ) considered the plaintiff's claim of narcolepsy. In finding a severe impairment, the ALJ referred to a "sleep disorder," a broad term, not a "sleep-related respiratory disorder," a specific listed term, and went on to discuss narcolepsy in detail in other parts of

his decision. He found that the plaintiff's severe impairment was not a listed impairment; that finding is undisputed because there is and was no listing for narcolepsy. He also found that her impairment did not "medically equal[] the severity of one of the listed impairments." ALJ Dec. at 4 (ECF No. 9-2). At that point, he referred to listing 3.10, sleep related breathing disorders. To be sure, the plaintiff was not claiming a breathing disorder, but the ALJ also said her condition was not equal to "any other listing." While it would have been nice if he had enumerated listing 11.02, he had explicitly recognized at the hearing that one of her claims was listing 11.02,[1] a listing dealing with epilepsy. Tr. at 3 (ECF No. 9-2). It is unclear how a plaintiff with narcolepsy would medically equal the epilepsy listing because as the Commissioner's Program Operations Manual System (POMS) DI 24580.005 states: "narcolepsy and epilepsy are not truly comparable illnesses."[2] The POMS gives precious little guidance on how to evaluate whether narcolepsy is severe beyond saying to evaluate it after 3 months of prescribed treatment and "to obtain from an ongoing treatment source a description of the medications used and the response to the medication, as well as an adequate description of the claimant's alleged narcoleptic attacks and any other secondary events such as cataplexy, hypnagogic hallucinations or sleep paralysis." The medical records furnished all of that to the ALJ. I conclude that while there is room for differing interpretations, substantial evidence does

---

[1] The plaintiff's lawyer actually said 11.03, but has corrected that to 11.02. Pl. Objection at 7 n.1.
[2] I have been able to access only the POMS version now in effect but at oral argument the lawyers assured me there has been no material change since 2015 when the ALJ decided the case.

support his obvious if implicit conclusion that the plaintiff's narcolepsy did not meet the medical equivalence standard for severity under listing 11.02.[3] (I also observe that the Supreme Court has said that these internal manuals are not binding on the Commissioner, Schweiker v. Hansen, 450 U.S. 785, 789 (1981); accord Moore v. Commissioner, No. 16-462, 2017 WL 780838, at *3 (W.D. Mich. Mar. 1, 2017). Finally, the Magistrate Judge has gone into a detailed explanation of how the epilepsy standards do not support a "medically equals" determination for the plaintiff's narcolepsy, as did Johnston v. Colvin, No. 13-493, 2015 WL 224661 (W.D. Ark. Jan 15, 2015), but I find it unnecessary to do so.

In all other respects, I agree with the Magistrate Judge without further comment.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The Commissioner's decision is **AFFIRMED**.

**SO ORDERED.**

**DATED THIS 28TH DAY OF SEPTEMBER, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Magistrate Judge preceded on the alternate premise that the ALJ did not find at Step 2 that the plaintiff suffered from narcolepsy. Recommended Dec. at 7-8.

3